IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COREY L. ROBINSON,
    Plaintiff,

vs.                               3:08cv111/RV/MD

STATE OF FLORIDA,
    Defendants.

---

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Escambia County Jail proceeding <u>pro se</u>, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Plaintiff's motion to proceed *in forma pauperis* is deficient in that it does not include a completed financial certificate and supporting documentation. However, plaintiff will not be required to correct this deficiency as the court has concluded upon review of the plaintiff's complaint, applicable statutes and controlling case law, as well as court records, that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact that in the Northern District of Florida, plaintiff has had the following three cases dismissed as frivolous, malicious, or for failure to state a claim: Case 3:05cv45/RV/EMT, which was dismissed on June 7, 2005 for failure to state a claim, case 3:05cv47/MCR/EMT which was dismissed on September 12, 2005 for plaintiff's failure to exhaust his administrative remedies, ie. failure to state a claim,[1] and case 3:05cv80/MCR/EMT which was dismissed on December 7, 2005 as malicious due to plaintiff's failure to report previously filed cases. Although plaintiff has filed no cases in this court since 2005, this does not erase the "three strikes" that he accumulated.[2]

In this case, plaintiff sues the State of Florida because it has not restored his civil rights or relieved him from sex offender registration. Clearly, such allegations do not suggest that he is under imminent danger of serious injury and do not entitle him to avoid the bar of § 1915(g) and proceed *in forma pauperis* in this case. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).

---

[1] *See Jones v. Bock*, --- U.S. ---, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007) (if the allegations show that relief is barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim); abrogating *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")

[2] The court also notes that plaintiff has not identified any of his previously filed cases on the complaint form, although he does indicate that he has filed other actions, and that he has filed cases that have been dismissed as frivolous, malicious or failing to state a claim prior to service.

*Case No: 3:08cv85/MCR/MD*

Therefore, this action should be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee at the time of filing.

    Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

    At Pensacola, Florida, this 19th day of March, 2008.


/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

    **Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**